Case 08-02717   Filed 12/19/08   Doc 1

2008-02717
FILED
December 18, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001568206

**HUGHES & PRITCHARD, LLP**
Gregory J. Hughes #071288
Amelia Ryan Pritchard #196902
Christopher D. Hughes #254864
3017 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone (916) 774-7506
Facsimile (916) 791-1644

Attorneys for Michael Burkart,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In Re<br><br>IMPERIAL POOLS, INC. dba AQUARIUS POOLS,<br>      Debtor.<br>_____<br><br>MICHAEL F. BURKART,<br>      Plaintiff,<br>v.<br>PALACE PREMIER,<br>      Defendant.<br>_____ | Case No.: 06-25534-C-7<br><br><br><br><br>Adv. Pro. No<br><br><br><br>**COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER AND FOR RECOVERY OF AVOIDED TRANSFER** |

Plaintiff MICHAEL F. BURKART, Chapter 7 Trustee, alleges:

### JURISDICTION AND GENERAL ALLEGATIONS

  1.  Jurisdiction of this Court over the instant adversary proceeding is based on 28 U.S.C. sections 157 and 1334. This proceeding arises in and relates to the Chapter 7 bankruptcy case of IMPERIAL POOLS, INC. dba AQUARIUS POOLS ("Debtor"), Case No. 06-25534-C-7, now pending in this Court.

///

2. This adversary proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001, 11 U.S.C. sections 544, 548, 550 and 28 U.S.C. sections 157 and 1334. Venue is proper pursuant to 28 U.S.C. section 1409.

3. This is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2)(H), and/or (O).

4. On December 21, 2006, Debtor filed its Chapter 7 petition in this Court, Case No. 06-25534. Plaintiff Michael F. Burkart was appointed Trustee for the case of Imperial Pools, and is suing the above captioned Defendant in that capacity.

## FIRST CLAIM FOR RELIEF

### (11 U.S.C. § 548 – Avoidance of Fraudulent Transfer)

5. The Trustee realleges and incorporates by this reference each and every allegation of paragraphs 1-4 as though fully set forth.

6. In August of 2005, Debtor made the following payment to Defendant:

| Date | Check No. | Amount | Payee |
|---|---|---|---|
| 08/19/05 | 18052 | $12,985.00 | Palace Premier |

Said payment was a transfer within the meaning of the Bankruptcy Code (Title 11 United States Code).

7. The Trustee is informed and believes, and thereupon alleges that the transfer described in paragraph 6 was made with an intent to hinder, delay or defraud one or more creditors of the Debtor.

8. By reason of the foregoing, the transfer described in paragraph 6 is voidable pursuant to 11 U.S.C. section 548.

9. Based on the foregoing, the Trustee prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

### (11 U.S.C. § 548 – Avoidance of Fraudulent Transfer)

10. The Trustee realleges and incorporates by this reference each and every allegation of paragraphs 1-4 and paragraph 6 as though fully set forth.

///

11. The Trustee is informed and believes, and thereupon alleges that Debtor made each of the transfers described in paragraph 6 without receiving a reasonably equivalent value in exchange.

12. The Trustee is informed and believes, and thereupon alleges that Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

13. By reason of the foregoing, each of the transfers described in paragraph 6 is voidable pursuant to 11 U.S.C. section 548.

14. Based on the foregoing, the Trustee prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### (11 U.S.C. § 548 – Avoidance of Fraudulent Transfer)

15. The Trustee realleges and incorporates by this reference each and every allegation of paragraphs 1-4, 6 and 11 as though fully set forth.

16. The Trustee is informed and believes, and thereupon alleges that Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

17. By reason of the foregoing, each of the transfers described in paragraph 6 is voidable pursuant to 11 U.S.C. section 548.

### FOURTH CLAIM FOR RELIEF

### (11 U.S.C. § 548 – Avoidance of Fraudulent Transfer)

18. The Trustee realleges and incorporates by this reference each and every allegation of paragraphs 1-4, 6 and 11 as though fully set forth.

19. The Trustee is informed and believes, and thereupon alleges that Debtor was insolvent at the time of each of the transfers described in paragraph 6 or became insolvent as a result of each of the transfers described in paragraph 6.

20. By reason of the foregoing, each of the transfers described in paragraph 6 is voidable pursuant to 11 U.S.C. section 548.

21. Based on the foregoing, the Trustee prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

## (11 U.S.C. § 550 – Recovery of Fraudulent Transfer)

22.   The Trustee realleges and incorporates by this reference each and every allegation of paragraphs 1-21.

23.   Pursuant to 11 U.S.C. section 550, the Trustee is entitled to judgment for the amounts of all payments listed in paragraph 6.

24.   Based on the foregoing, the Trustee prays for relief as set forth below.

WHEREFORE, Trustee prays for entry of judgment as follows:

   a.   Avoiding each of the transfers described in paragraph 6.

   b.   Awarding the Trustee the amount of the transfers described in paragraph 6, plus interest thereon.

   c.   Awarding costs in favor of the Trustee.

   d.   For such other and further relief as the Court may deem appropriate.

Dated: December 18, 2008

Hughes & Pritchard, LLP


By   /S/ Gregory J. Hughes
Gregory J. Hughes, Attorney for Plaintiff
Michael F. Burkart, Chapter 7 Trustee